UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| PATRICIA M. BOLHOUS, as Special Administrator on behalf of Thomas H. Rowe, and DOLORES M. ROWE, individually,<br><br>      Plaintiffs,<br><br>v.<br><br>SIMON PROPERTY GROUP (DELAWARE) INC. and SDG MACERICH PROPERTIES L.P., a Delaware limited partnership,<br><br>      Defendants. | Case No. 4:11-cv-4104-SLD-JAG |

**ORDER**

On December 8, 2011, Defendant Simon Property Group, Inc. ("Simon") filed a notice of removal with this Court. Shortly thereafter, this Court ordered Simon to file a supplemental jurisdictional statement establishing diversity jurisdiction. On December 20, 2011, Simon filed a supplemental jurisdictional statement that alleged the residence of the plaintiffs at the time of the alleged incident. Subsequently, and after being granted limited discovery, Plaintiffs filed an amended complaint on July 9, 2012, adding Defendant SDG Macerich Properties L.P. ("Macerich") to this case.

As set forth below, the Court finds that Simon has not properly alleged subject matter jurisdiction in its supplemental jurisdictional statement for failing to allege diversity of citizenship. The Court therefore ORDERS Simon to file a second supplement to its notice of removal with factual allegations, assuming they exist, that address the inadequacies described below. Simon has 14 days to comply with this order.

I. **SUBJECT MATTER JURISDICTION BASED ON DIVERSITY**

28 U.S.C. § 1332(a)(1) states that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states." Accordingly, the two requirements of diversity jurisdiction are (1) diversity of citizenship and (2) that the amount in controversy exceeds $75,000.

The party seeking to invoke federal jurisdiction bears the burden of demonstrating that the requirements for diversity are met. *Smart v. Local 702 Intern. Broth. of Elec. Workers*, 562 F. 3d 798, 802-03 (7th Cir. 2009). At the same time, in any case premised on diversity jurisdiction, this Court must independently determine whether the parties meet the diversity and amount in controversy requirements of 28 U.S.C. § 1332. *Thomas v. Guardsmark, LLC*, 487 F. 3d 531, 533 (7th Cir. 2007). In other words, the party invoking federal jurisdiction bears the burden of proof, but the Court must independently analyze jurisdiction even if it is not challenged.

    A. **Diversity of Citizenship Legal Standard**

In order to satisfy the diversity of citizenship requirement, "complete diversity" must be established—no plaintiff and defendant can be a citizen of the same State. *McCready v. eBay, Inc.*, 453 F.3d 882, 891 (7th Cir. 2006). A "naked declaration that there is diversity of citizenship is never sufficient." *Thomas*, 487 F.3d at 533. Rather, the citizenship of each party to the litigation must be identified. *Id.* Further, merely alleging residence, without alleging domicile, is insufficient to establish citizenship. *See, e.g., Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012); *America's Best Inns v. Best Inns of Abilene*, 980 F. 2d 1072, 1074 (7th Cir. 1992) (per curiam).

For diversity jurisdiction purposes, the citizenship of a limited partnership is the citizenship of each of its members. *See Thomas*, 487 F.3d at 533-34. When a plaintiff is a representative of a

decedent, the plaintiff's citizenship is the citizenship of the decedent at the time of his death; the citizenship of the representative is not relevant to a diversity analysis. 28 U.S.C. § 1332(c)(2); *Lincoln Property Co. v. Roche*, 546 U.S. 81, 93-94 (2005); *Hunter v. Amin*, 583 F.3d 486, 492 (7th Cir. 2009).

The citizenship of the parties at the time that the action commences is what counts for the diversity analysis (with the exception of the representative of the decedent—the citizenship of the decedent at the time of his death controls). *Freeport-McMoRan Inc. v. K N Energy, Inc.*, 498 US 426, 428 (1991) (diversity of citizenship looks at the citizenship of the parties at the time the action was commenced); *Hunter*, 583 F.3d at 492 (citizenship of the decedent at the time of death will be the citizenship of the decedent's representative for diversity purposes).

### B. Diversity of Citizenship Analysis

Defendant Simon invoked federal jurisdiction by filing the notice of removal. *See Chase v. Shop'N Save Warehouse Foods, Inc.*, 110 F. 3d 424, 427 (7th Cir. 1997). Therefore, for the purposes of the notice of removal, Simon bears the burden of demonstrating that the requirements for diversity are met. *Smart*, 562 F. 3d at 802-03. At the time of removal, the parties were: Plaintiff Patricia Bolhous (on behalf of decedent Thomas Rowe), Plaintiff Dolores Rowe, and Defendant Simon.

#### 1. Plaintiffs' Citizenship

In its notice of removal, Simon simply alleged that this matter "is between citizens of different States" and that "Plaintiffs are residents of Rock Island County, Illinois." (Notice of Removal, ECF No. 1 at ¶ 3, 5.) The Magistrate Judge immediately recognized Simon's allegation as insufficient and ordered Simon to properly allege citizenship of the Plaintiffs.

##### a. Dolores Rowe's Citizenship

In Simon's supplement to its notice of removal, Simon alleges: at the time of the incident, Dolores Rowe was a resident of Illinois but has since moved and is now a resident of California. (Supplemental Notice of Removal, ECF No. 4.) A person is a citizen of the State in which that

person is domiciled. *America's Best*, 980 F. 2d at 1074; *Heinen*, 671 F.3d at 670. Alleging residence but not domicile presents a "genuine jurisdictional problem." *See Northern League, Inc. v. Gidney*, 558 F.3d 614, 614 (7th Cir. 2009) (per curiam). For one can reside in one place yet be domiciled in another. *See Miss. Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989). And as such, alleging residency is not the same as alleging citizenship, which requires domicile. Thus, Simon fails to meet its burden by simply alleging residency. *America's Best Inns*, 980 F. 2d at 1074 ("[w]e are powerless to question that when the parties allege residence but not citizenship, the only proper step is to dismiss the litigation for want of jurisdiction.").

The allegation of Dolores Rowe's citizenship is faulty for another reason. The citizenship of a party at the time the action was commenced is what counts for the diversity. *Freeport-McMoRan Inc.*, 498 US at 428. As such, Simon's allegation related to Ms. Dolores' residency at the time of the alleged incident is faulty both because it alleges residence instead of domicile/citizenship and also because it looks to the time of the alleged incident, not to the time the action was commenced.

This Court cannot analyze diversity jurisdiction without knowing where Ms. Rowe was domiciled at the time the Complaint was filed.

### b. Patricia Bolhous' Citizenship

In Simon's supplement to its notice of removal, Simon alleges: 1) at the time of his death, Thomas Rowe was a resident of Illinois and 2) at all relevant times, Patricia Bolhous has been a resident of Illinois. (Supplemental Notice of Removal, ECF No. 4.) When a plaintiff is a representative of a decedent, the plaintiff's citizenship is the citizenship of the decedent at the time of his death; the citizenship of the representative is not relevant to a diversity analysis. 28 U.S.C. § 1332(c)(2); *Lincoln Property*, 546 U.S. at 93-94; *Hunter*, 583 F.3d at 492. In this case, Ms. Bolhous' citizenship—for diversity purposes—is the citizenship of decedent Thomas Rowe at the time of his death. Simon simply alleged that Thomas Rowe was a resident of Illinois at the time of

his death. As explained, alleging residence but not domicile presents a "genuine jurisdictional problem." *See Gidney*, 558 F.3d at 614. Thus, Simon fails to meet its burden by alleging the residency, but not the domicile, of Mr. Rowe at the time of his death.

### 2. Defendant Simon's Citizenship

In its notice of removal, Simon alleged that it "is a Delaware corporation with its principle place of business in Indiana." (Notice of Removal, ECF No. 1 at ¶ 6.) A corporation is a citizen of any state in which it is incorporated and of the state in which it has its principal place of business. 28 U.S.C. § 1332(c). Simon properly alleged its citizenship as Delaware (the state in which it is incorporated) and Indiana (its principal place of business).

## II. CONCLUSION

Simon invoked federal jurisdiction by removing the case to this Court. At that time, the parties were: Plaintiff Patricia Bolhous, Plaintiff Dolores Rowe, and Defendant Simon. Simon's supplement to its notice of removal properly alleges Simon's citizenship. Simon, however, failed to establish Ms. Bolhous or Ms. Rowe's citizenship. As such, Simon failed to meet its burden. The Court ORDERS Simon to file a second supplement to its notice of removal with factual allegations, assuming they exist, that address the inadequacies described herein. Simon has 14 days to comply with this order.

Entered this 23th day of October, 2012.

s/ Sara Darrow<br>
SARA DARROW<br>
UNITED STATES DISTRICT JUDGE